

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-1995

# Koray v Sizer

Precedential or Non-Precedential:

Docket 93-7357

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Koray v Sizer" (1995). *1995 Decisions*. Paper 284.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/284

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 93-7357


ZIYA K. KORAY,
                    Appellant

                    v.

FRANK SIZER; UNITED STATES BUREAU OF PRISONS;
    ATTORNEY GENERAL OF THE UNITED STATES


On Appeal from the United States District Court
    for the Middle District of Pennsylvania
            (D.C. Civ. No. 92-01458)


Submitted Pursuant to Third Circuit LAR 34.1
                March 4, 1994

            Decided April 25, 1994

Petition for Rehearing in banc denied June 17, 1994

        Certiorari Granted January 13, 1995

On Remand from the Supreme Court of the United States
                June 5, 1995
            Before:  SLOVITER, Chief Judge
            COWEN and LEWIS, Circuit Judges

            (Filed    November 6, 1995 )

Ziya K. Koray
Farmingdale New York 11735

        Appellant Pro Se

Robert J. DeSousa
    Office of United States Attorney
    Lewisburg, PA 17837
Joseph D. Wilson
    United States Department of Justice
    Washington, DC  20044

Attorneys for Appellees

OPINION OF THE COURT

SLOVITER, Chief Judge.

This case comes before us on remand from the United States Supreme Court. Ziya Koray, who was sentenced to federal prison camp after pleading guilty to commission of the offense of laundering monetary instruments in violation of 18 U.S.C. § 1956 (a)(1), filed a request with the Bureau of Prisons to credit toward his 41-month prison sentence approximately 150 days he spent pursuant to court order in a community treatment center pending sentencing. Koray argued that he was entitled to such credit pursuant to 18 U.S.C. § 3585(b), which provides that a defendant "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." The Bureau of Prisons denied Koray's request because it interprets that statute as limited to credit for time spent in the custody of the Attorney General in a corrections facility by a defendant who has been denied bail.

Koray filed a habeas corpus petition in the district court, which denied Koray's petition. On appeal, this court held that the reference to "official detention" in 18 U.S.C. § 3585(b) included "time spent under conditions of jail-type confinement," and reversed and remanded to the district court to ascertain

2

whether the conditions under which Koray had been confined in the treatment center met that standard. Koray v. Sizer, 21 F.3d 558, 567 (3d Cir. 1994).

The Supreme Court granted certiorari, 115 S. Ct. 787 (1995), and reversed. Reno v. Koray, 115 S. Ct. 2021 (1995). The Court adopted the statutory interpretation proffered by the Bureau of Prisons. It held that "official detention" of 18 U.S.C. § 3585(b) was coextensive with confinement imposed pursuant to a court order detaining a defendant and committing him to the custody of the Attorney General -- and accordingly was exclusive of other instances of pre-sentence confinement, regardless of their character or extent. The Court relied, in large part, on the scope and meaning of related provisions of the Bail Reform Act of 1984 (BRA). Under that statute, a court has an option either to "release" a defendant on bail, albeit subject to various restrictive conditions, or to "detain" the defendant without bail by issuing a detention order "direct[ing] that the person be committed to the custody of the Attorney General for confinement in a corrections facility." 18 U.S.C. § 3142(i)(2). The Court reasoned that the phrase "official detention" in 18 U.S.C. § 3585(b), therefore, involves such commitment and custody as necessary elements. 115 S. Ct. at 2025. The Court noted that reference to "the official detention facility" in 18 U.S.C. §3585(a) necessarily paralleled reference to "commit[ment] to the custody of the Bureau of Prisons" in 18 U.S.C. § 3621(a), since both clauses made provision for the proper administration of sentenced defendants. Id. at 2025-26. References to "official

detention" in other statutory provisions, <u>see</u>, <u>e.g.,</u> 18 U.S.C. §3622(b) & (c), also supported the Government's position that the phrase "official detention" in 18 U.S.C § 3585(b) was limited to confinement in a correctional facility designated by the Bureau of Prisons for the service of federal sentences. <u>Id.</u> at 2026.

The Court also referred to a number of additional reasons for its conclusion, noting the uniform refusal of the Courts of Appeals to interpret 18 U.S.C. § 3568, the predecessor of 18 U.S.C. § 3585(b), as authorizing sentence credit for pre-sentence restrictions on defendants' liberty imposed as conditions of release, and the practical difficulties attending the fact-intensive inquiry into each defendant's circumstances of confinement that this court's approach would have entailed. <u>Id.</u> at 2026, 2028-29.

The Supreme Court remanded this matter to us for further proceedings consistent with its opinion. We conclude that the only proceeding that is appropriate is for us to remand this matter to the district court to reenter the order denying the petition for a writ of habeas corpus.